CRAWLEY, Judge,
concurring in part and dissenting in part.
I concur as to the child-custody and contempt issues. I dissent, however, from the holding that the trial court’s division of the marital estate was equitable.
The trial court’s judgment states that the husband’s PELA stock or the income derived from that stock was “not regularly used for the common benefit of the parties during the marriage.” The judgment also states that, in dividing marital property, the trial court “[took] into consideration” the husband’s PELA stock. I believe the latter statement demonstrates that the trial court violated the following express directive of § 30-2-51(a), Ala.Code 1975:
“[T]he judge may not take into consideration any property acquired prior to the marriage of the parties or by inheritance or gift unless the judge finds from the evidence that the property, or income produced by the property, has been used regularly for the common benefit of the parties during their marriage.”
(Emphasis added.) Although the trial court was authorized to increase the wife’s share of the marital estate because of the husband’s admitted adultery, the trial court was not authorized to award the wife almost 100% of the marital property on the conclusion that the value of the wife’s award was balanced by the value of the husband’s separate estate.